USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>ANTONIO PAYANO,<br><br>Defendant. | 1:23-cr-110-MKV<br><br>ADDITIONAL ORDER OF RESTITUTION |

MARY KAY VYSKOCIL, United States District Judge:

### ADDITIONAL ORDER OF RESTITUTION AS TO ANTONIO PAYANO

Gilead Science, Inc., Gilead Sciences Ireland UC, and Gilead Sciences, LLC (together, "Gilead"), submitted a victim impact statement, [ECF No. 376], and appeared at Defendant Payano's sentencing hearing on November 19, 2024. At Defendant Payano's sentencing Gilead indicated that it intended to seek restitution from Defendant Payano. The parties agreed that the Court should enter the consent restitution order previously submitted by the Government and Gilead would make a motion after sentencing to amend the restitution order. [ECF No. 386 at 10]. Therefore, the Court entered the consent order of restitution "without prejudice to a motion by Gilead for additional restitution" and reserved the right to amend the restitution order upon a motion by Gilead at a time after sentencing. [ECF No. 386 at 7]. Defendant Payano consented to this course of action. [ECF No. 386 at 7].

On January 24, 2025, 66 days after Defendant Payano's final judgment was entered, [ECF No. 380], Gilead submitted its motion to amend. [ECF No. 429]. The Court then allowed time for Defendant Payano and the Government to respond to Gilead's motion. [ECF No. 435]. Neither

Defendant Payano nor the Government opposed or otherwise filled a response to Gilead's motion to amend the restitution order.[1]

The Court has carefully reviewed the motion, and because Defendant Payano participated in a conspiracy that sold illegitimate medications and Gilead, as the manufacturer of the authentic version of those medications, was deprived of sales of legitimate medications that it would have made if not for Defendant Payano's crimes the Court concludes, as other federal courts have already concluded, *see e.g. United States v. Papyan*, No. 18-cr-533 (N.D. Cal.), that Gilead is a victim and is entitled to restitution in the form of its lost sales and profits. *See U.S. v. Milstein*, 481 F.3d 132, 137 (2d Cir. 2007). The Court finds Gilead's application for restitution is meritorious. Accordingly,

IT IS HEREBY ORDERED that the sentence of Antonio Payano, ECF No. 380, shall be amended to include additional restitution to Gilead Sciences, LLC in the amount of $16,063,045.07, pursuant to 18 U.S.A. §§ 3663, 3663A, and 3664.

Restitution is joint and several with Boris Aminov, Christy Corvalan, David Fernandez, Crystal Medina, and Dezyre Baez.

**SO ORDERED.**

**Date: March 3, 2025**
**New York, NY**

_Mary Kay Vyskocil_
**MARY KAY VYSKOCIL**
**United States District Judge**

---

[1] The Court acknowledges that Section 3664(d)(5) states that "the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. . . ." and that this Order exceeds the 90 days. However, the Second Circuit in *United States v. Anderson*, held "recent Supreme Court and Second Circuit precedent provide that a 'court that misses the 90–day deadline' for imposing restitution after sentencing 'nonetheless retains the power to order restitution—at least where…the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount.'" 419 F. App'x 16, 17 (2d Cir. 2011) (quoting *Dolan v. United States,* 560 U.S. 605,670-08 (2010)); *accord United States v. Pickett,* 612 F.3d 147, 149 (2d Cir. 2010). Here, this Court retains the power to amend the restitution previously entered as to Defendant Payano after the 90-day period because the Court made clear at Defendant Payano's sentencing that it would amend the restitution amount ordered at sentencing at a later date upon a motion from Gilead, which Defendant consented to.